IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEPHEN P. SOPER, *pro se*, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-07-1602 |
| | * | |
| STARLA B. MAURER, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

*****************************************************************************

**MEMORANDUM OPINION**

Stephen P. Soper brought this case against Starla B. Maurer, the Freeman Family Trust, and the Estate of Freeman, on June 15, 2007, alleging various claims including breach of trust and breach of fiduciary duty. This action came before the Court for a nonjury trial on February 1, 2010. For the reasons stated below, the Court will enter judgment in favors of Defendants, and against Plaintiff, on the two remaining claims.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On May 28, 2001, Bernard T. Freeman ("Bernard Freeman") and his wife, Ann E. Freeman ("Ann Freeman") created the Freeman Family Trust ("the Trust") under California law. Bernard T. Freeman had two children from his previous marriage, Starla Maurer ("Maurer") and Patrick Freeman; and Ann Freeman had two children from a previous marriage, Stephen Soper ("Soper") and David Soper. The Trust provided that upon Bernard T. Freeman's death, the Freeman Family Trust would be divided into three separate trusts: the Exemption Trust, the Survivor's Trust, and the Marital Trust. The Trust also stated that Ann Freeman would become the Sole Trustee of each of these trusts if she survived Bernard Freeman.

Upon Bernard Freeman's death in 2001, the Exemption Trust and Survivor's Trust were created. There were insufficient funds for the Marital Trust, so it was never created. Consistent with the provisions of the Trust, Ann Freeman acted as Trustee of both the Exemption Trust and Survivor's Trust until her death on June 3, 2005. Also consistent with the provisions of the Trust, Ann Freeman used money from the Survivor's Trust account to pay for her personal health expenses. Maurer cared for Ann Freeman until her death on June 3, 2005.

Upon Ann Freeman's death, Maurer became the Successor Trustee, consistent with the Trust's directives. The Trust also indicated that upon Ann Freeman's death, each of the four siblings would receive one quarter of the Survivor's Trust, and that the Exemption Trust would be split evenly between Maurer and Patrick Freeman. Accordingly, at some point after Ann Freeman's death in 2005, Plaintiff received his share of the Survivor's Trust distribution in the form of a check for $11,645.75. Also consistent with the Trust declaration, the real property at 5096 Gasconade Avenue, San Diego, California ("Gasconade Property") was allocated to the Exemption Trust upon Ann Freeman's death. All other assets held or received by Ann Freeman were supposed to have been allocated to the Survivor's Trust.

Stephen Soper brought this suit on June 15, 2007. The only claims remaining for trial were the breach of trust claim and the breach of fiduciary duty claim. In these claims, Soper generally alleges that Staurer used the assets of the Survivor's Trust to pay off personal expenses before Ann Freeman's death, and that Maurer had sold personal property which should have been distributed equally between all four siblings. After Plaintiff presented his evidence at the bench trial, Defendants moved for Judgment on Partial Findings under Rule 52(c). The Court granted this Motion.

**II.     ANALYSIS**

   **1. *Res Judicata* Argument**

At the trial, Defendants informed the Court that Soper had brought a case in the Circuit Court for Calvert County, Maryland, arising from the same cause of action and involving the same parties, which that court had dismissed, with prejudice, on November 27, 2007. The doctrine of *res judicata* bars successive attempts to relitigate the same cause of action between the same parties, as well as any other claim or issue that could have been raised in the earlier action. *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991). The purpose of the doctrine is to prevent a plaintiff from rehashing claims that were or could have been litigated in an earlier proceeding. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). *Res judicata* applies when there is: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *Pueschel v. United States*, 369 F.3d 345, 345-55 (4th Cir. 2004); *Frank v. Home Depot*, U.S.A., Inc., 481 F.Supp.2d 439, 442 (D. Md. 2007). Here, the prior judgment was on the merits and the parties appear to be the same. Though Starla Maurer is not named in the complaint, she is a named Defendant on the Order. Finally, the complaint seems to arise from the same cause of action.

Despite the potential merits of this *res judicata* argument, the Court will not base its decision on this argument, as the Defendants did not raise this defense until trial, thus failing to comply with the requirements of Federal Rule of Civil Procedure 8(c).

   **2. Maryland Law Governs**

Soper requests that the Court apply California law while Defendants argue that Maryland law applies in this case. The Court will apply Maryland law. Defendant correctly notes that because

Plaintiff filed his Fourth Amended Complaint in the United States District Court for the District of Maryland, the Court must apply Maryland's conflict of law principles, as federal courts apply conflict of law principles of the state where the court sits. *Liberty Life Assurance Co. v. Stone St. Capital Inc.*, 93 F. Supp. 2d 630, 633 (D. Md. 2000). In determining what choice of law governs in an administration of a trust dispute, the Court looks to the language of the trust itself. Article XI(H)(3) of the instant Trust provides that "[i]f the site or place of administration of the trust is changed to another state, the law of that state shall govern the administration of the trust." There is no dispute that the Trustee administrator is now Starla Maurer, and no dispute that she has been a resident of Maryland at all times relevant to this action. Accordingly, Maryland State law will govern the Trust as it is administered in Maryland.

3. **Breach of Trust**

To make out a claim for breach of trust, Soper must show, by a preponderance of evidence, that Defendant Starla Maurer breached the Trust or breached a duty she owed as a trustee. Soper contends Maurer breached the Trust by taking funds from bank accounts that were supposed to go into the Survivor's Trust. Soper alleges that Maurer also breached the trust by selling the internal furnishings of the Gasconade property and the Lincoln Continental automobile along with the house, and then placing the proceeds into the Exemption Trust, when these items should have been placed in the Survivor's Trust.

At the trial, Soper failed to present any evidence of any sort of breach of trust. Plaintiff provided only himself as witness. His testimony provided almost no factual information. Plaintiff merely testified to his suspicions and beliefs about what had happened to the funds in the Trust. Nor did Plaintiff's four exhibits provide proof of any breach of trust. In Plaintiff's Findings of Fact and Conclusions of Law, he acknowledges that he "does not have enough information and

cannot determine whether or not the liquidation of Ann Freeman's bank accounts was a genuine gift, or whether the Defendant, by way of theft, simply cleaned out bank accounts that were under her control." (Doc. No. 91 at 4.) Due to Plaintiff's failure to present any evidence of breach of trust, Plaintiff failed to meet his burden to prove this claim by a preponderance of the evidence. Thus, the Court must grant judgment to Defendants on the breach of trust claim, based on Partial Findings, under Federal Rule of Civil Procedure 52(c).

### 4. Breach of Fiduciary Relationship

"[A]llegations of breach of fiduciary duty, in and of themselves, do not give rise to an omnibus or generic cause of action at law that is assertable against all fiduciaries, including trustees of express trusts." *Kann v. Kann*, 344 Md. 689, 693. Rather, these claims must be brought in conjunction with another claim. Because Plaintiff failed to prove any other claim by a preponderance of evidence, his claim for breach of fiduciary duty cannot stand. Thus, the Court must grant judgment to Defendants on the breach of fiduciary duty claim, based on Partial Findings, under Federal Rule of Civil Procedure 52(c).

## III.   CONCLUSION

For the foregoing reasons, judgment will be entered in favor of Defendants, and against Plaintiff. A separate Order of Judgment will follow.


   February 2, 2010                                                              /s/
       Date                                                        Alexander Williams, Jr.
                                                                     United States District Judge